UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MILTON SEARS,

                Plaintiff,

    -against-

CITY OF NEW YORK,
and JOHN DOES 1 through 3,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

    Plaintiff Milton Sears, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

    1.    At all times hereinafter mentioned, plaintiff Milton Sears was an adult male resident of Kings County, in the State of New York.

    2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

    3.    At all relevant times hereinafter mentioned, John Does 1 through 3 were individuals employed by the City of New York as members of the NYPD whose actual identities are unknown to plaintiff at this time.  The Doe defendants are sued herein in their official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Dennis Mogelnicki (Tax 937118), was employed by the City of New York as a Police Officer with the NYPD. Defendant Mogelnicki is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff Johnson complains.

## RELEVANT FACTS

10. On July 2, 2013, during the morning hours, plaintiff was present at his residence in Kings County.

11. At or about 7:30 a.m., the three John Doe defendants arrived at plaintiff's residence.

12. The Doe defendants were on duty and acting in their capacity as

members of the NYPD.

13. Plaintiff was taken into custody by the Doe defendants, who placed overly tight handcuffs on him, causing him to suffer physical injury.

14. Plaintiff was taken to a local area NYPD station house, where he was detained against his will.

15. Plaintiff was eventually taken to Kings County Central Booking, where he was detained against his will for a number of hours.

16. Eventually, during the morning hours of July 3, 2013, after the Kings County District Attorney declined to prosecute him, the plaintiff was summarily released from custody without being charged or seeing a judge.

17. At no time did the Doe defendants have probable cause to arrest the plaintiff, nor did there exist a warrant that would permit his arrest or seizure, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff or a warrant permitting his arrest.

18. At no time did either of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual defendant against the plaintiff.

19. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

20. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

21. Plaintiff repeats the allegations contained in paragraphs "1" through "20" above as though stated fully herein.

22. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

23. Defendants willfully and intentionally used more force than was reasonably necessary under the circumstances by placing him in overly tight handcuffs and then refusing to loosen them when so requested, causing the plaintiff to suffer physical injuries.

24. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, and excessive force, and thereby violated, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, damage

to his personal property, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. The defendants deliberately arrested plaintiff without probable cause and caused him to be imprisoned against his will without a lawful order.

28. The defendants willfully and intentionally used more force than was reasonably necessary under the circumstances by placing him in overly tight handcuffs and then refusing to loosen them when so requested, causing the plaintiff to suffer physical injuries.

29. Accordingly the individual defendants are liable to the plaintiff under New York law for false arrest and imprisonment and for excessive force and battery.

30. The City of New York is vicariously liable to the plaintiff for the above conduct under the doctrine of respondeat superior.

31. By reason thereof, defendants have caused the plaintiff to suffer emotional and physical injuries, mental anguish, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
         January 5, 2014

                                LUMER & NEVILLE
                                Attorneys for Plaintiff
                                225 Broadway, Suite 2700
                                New York, New York 10007
                                (212) 566-5060

                                /s/
                By: _____
                          Michael B. Lumer (ML-1947)